Filed: 9/25/2023 11:31 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

No. 64541

| | | |
|---|---|---|
| First Baptist Church of Sour Lake § | | In the District Court of |
| Plaintiff, § | | |
| v. § | | Hardin County, Texas |
| Church Mutual Insurance Company § | | |
| Defendants § | | 88TH Judicial District |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, First Baptist Church of Sour Lake, files this Original Petition against Defendant, Church Mutual Insurance Company, and respectfully shows as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff pursues this case under Discovery Level 3.

### II. PARTIES

2. Plaintiff is a non-profit corporation with its principal place of business in Hardin County, Texas.

3. Defendant, Church Mutual Insurance, is a Domestic for-profit corporation with its principal place of business in Merrill, WI, and may be served with process by serving its agent of process: Corporation Service Company, 211 East 7th St., Ste. 620, Austin, Texas 78701-3218.

Filed: 9/25/2023 11:31 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

### III. JURISDICTION AND VENUE

4. Venue is proper in Hardin County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a) (1) because all or a substantial part of the event(s) or omission(s) giving rise to the claims contained herein occurred in Hardin County and Plaintiff is located in Hardin County, Texas.

5. Although a matter within the discretion of the jury, as required per Texas Rule of Civil Procedure, Plaintiffs seek monetary relief under Rule 47(c)(2), for less $250,000 and nonmonetary relief.

### IV. BACKGROUND

6. On December 24, 2023, Southeast Texas experienced severe cold weather which caused water damage due to a frozen water line break at the parsonage located at 220 Olive St., Sour Lake, Texas, 77659.

7. Plaintiff filed a timely claim under policy no. 0150774-02-106145. Shortly thereafter, Plaintiff received a denial of covered losses dated January 13, 2023.

8. Church Mutual Insurance Company sold Plaintiff policy no. 0150774-02-106145 (hereinafter referred to as the "policy"), effective 4/23/19 to 4/23/20 and refers to Premises No. 002 Building No. 004 as a frame with brick veneer and vacant dwelling at 310 Olive Street with replacement cost limits of $209,000 and A 127 (04-06) Causes of Loss – Special Form. Although this policy referred to a building at 310 Olive Street, the actual address was

Filed: 9/25/2023 11:31 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

220 Olive Street and the church had full coverage on the structure. First Baptist always requested and paid for full coverage on the 220 Olive building.

9. Plaintiff will show a disturbing lack of consistency with the underwriting of policies provided to First Baptist from April 2015 through April 2020. Defendant's representative Judy K. Walker issued policies that covered the building at issue (located at 220 Olive Street), but she misidentified the address as 310 Olive Steet. The church has never owned a building at that address. Although these policies referred to a building at 310 Olive Street, the actual address was 220 Olive Street, and the church had full coverage on the structure. First Baptist always requested and paid for full coverage on the 220 Olive building.

10. Church Mutual sent a vague and misleading letter dated 3/16/20 regarding *renewal* of the 2019 policy. No one from Church Mutual called or followed up with an oral conversation. First Baptist did not understand that the 2020-2022 policies attempted to change the coverage terms on the building located at 220 Olive Street. The term "renewal" indicated that Church Mutual would make the 2019 policy new again; resume it; revive it; recommence it; or begin it again. Unfortunately, the choice of words in the letter did not clearly indicate that the coverage on the building at 220 Olive would be substantially modified and altered. It is unknown to Plaintiff why Church Mutual made this unilateral decision to replace the valuation method and the cause of loss form with "Basic with Theft".

11. Church Mutual seemed to justify the change by claiming that the building was vacant. But the building at 220 Olive was not vacant. It was consistently used during the

3

Filed: 9/25/2023 11:31 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

relevant time periods. Yet, the 2020 Policy # 0150744-02-106145 effective 4/23/20 to 4/23/21 (with agent/representative Judy K. Walker) referred to Premises No. 002 Building No. 004 as a frame and *vacant* dwelling at 310 Olive Street with ACV limits of $125,400 and "Basic with Theft." It is unknown to Plaintiff how Church Mutual reached its conclusion about an alleged vacancy. Confusion about the proper building location continued. After a prolonged period of time, a representative of Church Mutual, Anita Lenorman, finally caught the discrepancy and sent an endorsement identifying the location as 220 Olive Street).

12.  For the 2021 policy, the underwriter reverted to identifying the building as a frame and one family owner occupied dwelling located at 310 Olive Street. By letter dated 3/4/22, a change endorsement renamed the location of Building 004 as 220 Olive Street:

> 2022 Policy # 0150774-02-386911 effective 4/23/22 to 4/23/23 (with agent/representative Anita Lenorman) refers to Premises No. 002 Building No. 004 as a frame and one family owner occupied dwelling at 220 Olive Street with ACV limits of $139,000 and "Basic with Theft."

13.  Defendant has insured Plaintiff for more than seventeen years. Plaintiff always intended to have full replacement cost coverage for windstorms and freeze related issues for the building located at 220 Olive. If Defendant's underwriting department had sufficiently communicated that coverage would be downgraded for that building, Plaintiff would have made earlier inquiries and ensured that full coverage was afforded.

Filed: 9/25/2023 11:31 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

## V. FRAUD

14. Defendant's misrepresentations constitute fraud that proximately caused damages to Plaintiff.

## VI. NEGLIGENT PROCUREMENT

15. Defendant negligently cancelled and procured policies for Plaintiff based on inaccurate information. This negligence caused Plaintiff not to be fully insured as had been previously represented and requested from the Defendant. This negligence proximately caused actual and consequential damage.

## VII. BREACH OF CONTRACT

16. Defendant breached the express written and oral contract with Plaintiff. This breach caused actual and consequential damages. Plaintiff seeks to recover reasonable and necessary attorney fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001(8). Alternatively, Plaintiff seeks rescission and modification of the contracts between the parties.

## VIII. RULE 193.7 NOTICE

17. Pursuant to Texas Rules of Civil Procedure 193.7, be advised that Plaintiff intends to use any document produced by Defendant in discovery in any pre-trial or trial proceeding in this case.

## IX. JURY DEMAND

18. Plaintiff respectfully requests a trial by jury.

## X. PRAYER

19. Plaintiff requests that Defendant be cited to appear and answer, and that upon trial, Plaintiff be awarded the following:

   a. Judgment against Defendant, jointly and severally, for a sum within the jurisdictional limits of this Court;
   b. Recovery of reasonable and necessary attorney fees;
   c. Pre-judgment and post-judgment interest at the legal rate;
   d. Costs of suit; and
   e. Such other relief this Court deems appropriate, at law or in equity.

Respectfully submitted,

**FISHER FIRM**
560 S. 4th Street
Silsbee, Texas 77656
(409) 444-3333 Telephone
(409) 331-5060 Facsimile

*/s/ David J. Fisher*

David J. Fisher
Texas Bar No. 07049525
E-mail: david@fisherfirm.com

**ATTORNEYS FOR PLAINTIFF**