IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH OF SOUR LAKE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-391-MJT |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S CORRECTED
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY FEES (Doc. # 22)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred to the undersigned magistrate judge for consideration Defendant's Corrected Motion to Strike Plaintiff's Claim for Attorney Fees. (Docs. #22, #26.) After review, the undersigned recommends this motion be denied.

**I.    Background**

On December 24, 2022, Plaintiff Church allegedly sustained extensive water damage due to a frozen water line break at their property located at 220 Olive St., Sour Lake, Texas. (Doc. #20 at 2.) According to the second amended complaint, Plaintiff timely filed a claim on December 27, 2022, with Defendant, with whom it had an insurance policy. (*Id.*) Over the next six months, the parties could not resolve Plaintiff's claim due a dispute over changes made to Plaintiff's insurance policy during the preceding policy renewal process. (Doc. #24-3.) On July 17, 2023, Plaintiff's counsel sent Defendant a letter reiterating Plaintiff's allegation that Defendant negligently procured an improper insurance policy for Plaintiff and noting that "Texas law provides a cause

of action for failing to procure the correct policies. We hope that we will not need to pursue legal action on this claim." (*Id.* at 3.)

Plaintiff filed suit in state court seventy days after that letter on September 25, 2023, alleging the following three causes of action: (1) fraud, (2) negligent procurement, and (3) breach of contract. (Doc. #4 at 5.) Among other forms of relief, Plaintiff requested "[r]ecovery of reasonable and necessary attorney fees." (*Id.* at 6.) On October 20, 2023, Defendant filed a "General Denial" answer in state court before ultimately removing this action on October 31, 2023. (Docs. #1, #5.) Plaintiff filed its first amended complaint on February 14, 2024, retaining its original three causes of action and adding various claims under Chapters 541, 542, and 551 of the Texas Insurance Code. (Doc. #17.) A second amended complaint further elaborating Plaintiff's claims was filed on February 23, 2024. (Doc. #20.)

On March 15, 2024, Defendant filed a Motion to Strike Plaintiff's Claim for Attorney Fees pursuant to Texas Insurance Code §542A.007(d). (Doc. #21.) The Clerk's Office entered a Notice of Deficiency for this original motion as it lacked a certificate of conference in contravention of the local rules. The instant corrected motion was filed on March 18, 2024. (Doc. #22.) A response and corrected response were filed. (Doc. #23, #24.) This matter is now ripe for review.

## II.    Legal Standard

Chapter 542A of the Texas Insurance Code applies "to any first party claim 'made by an insured under an insurance policy providing coverage for real property' that 'arises from damage to or loss of covered property.'" *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, 2022 WL 17501024, at *5 (E.D. Tex. Dec. 6, 2022) (quoting TEX. INS. CODE § 542A.001(2)). Such claims include breach of contract, negligence, misrepresentation, fraud, and the breach of a common law duty. TEX. INS. CODE § 542A.002(a).

To bring claims under Chapter 542A, a plaintiff must provide the insurer with notice of its claims, no later than the sixty-first day before the date the plaintiff files an action that falls under Chapter 542A. TEX. INS. CODE §542A.003; *see generally Brohlin v. Meridian Sec. Ins. Co.*, No. 2:22-CV-158-Z-BR, 2023 WL 7311194, at *2 (N.D. Tex. Nov. 6, 2023). This notice must provide:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. TEX. INS. CODE §542A.003(b).

If a claimant fails to provide proper notice "stating the specific amount alleged to be owed," the defendant may file a pleading no later than the thirtieth day after the date it filed an original answer asking the court to deny the plaintiff's request for attorney's fees. §542A.003(b). If the court finds notice was insufficient and the defendant's request is timely, the court must strike a request for attorney's fees "incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007; *see, e.g.*, *Henry v. Nationwide Prop.*, No. CV H-23-2488, 2023 WL 6049519, at *3 (S.D. Tex. Sept. 15, 2023).

## III. Discussion

Defendant argues that Plaintiff's pre-suit communications did not articulate any potential claims under Chapter 542A. According to Defendant, the lack of notice was initially not an issue because Plaintiff's state court complaint was not "an action *on* a claim," but rather one about the sufficiency of language of an insurance policy itself. Defendant argues that such a claim is outside the scope of Chapter 542A. On February 14, 2024, when Plaintiff filed its first amended complaint specifically identifying claims under Chapters 541, 542, and 551 of the Texas Insurance Code,

3

Defendant contends this matter transformed into a Chapter 542A case.  Accordingly, Defendant believes it had thirty days from the filing of the amended complaint to move to strike Plaintiff's request for attorney's fees.  Defendant filed its initial, defective motion to strike on March 15, 2024, thirty days after the amended complaint was filed.  The corrected, operative motion was filed three days later on March 18, 2024.

Plaintiff, in turn, contends that the July 17, 2023, letter between the parties' counsel both invoked Chapter 542A claims and satisfied the notice requirement under Texas Insurance Code §542A.003(b).  In the alternative, Plaintiff argues that its state law complaint, filed on September 25, 2023, contained claims that clearly fall under Chapter 542A, and that Defendant did not timely move to strike the claim within thirty days of its answer.

a. Plaintiff Did Not Provide Sufficient Pre-Suit Notice

In its response to the instant motion, Plaintiff characterizes the July 17, 2023, letter as a request for Defendant "honor the $209,000 RCV limits coverage as set forth in the 2019 policy." (Doc. #24 at 1-2.)  The July 17, 2023, letter, outlines the wide range of issues Plaintiff has with Defendant and this does include references to various policy limits that Plaintiff contends should apply to their claim.  (Doc. #24-3.)  This letter, however, does not contain "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" or "the amount of reasonable and necessary attorney's fees incurred by the claimant" as is required under §542A.003(b); *see Burke v. Liberty Mut. Ins. Co.*, No. 4:23-CV-1839, 2024 WL 197639, at *3 (S.D. Tex. Jan. 18, 2024) (finding notice was sufficient where claimant requested $112,497.51 for replacement costs, $13,499.70 in interest, $1,700 in attorney's fees, and unspecified amount for mental anguish).  Accordingly, the undersigned finds that Plaintiff did not provide Defendant with sufficient notice in compliance with Texas Insurance Code §542A.003(b).

4

b.  Chapter 542A Applied to Plaintiff's State Court Petition

For the court to strike Plaintiff's request for attorney's fees for lack of pre-suit notice, Defendant must have raised the issue no later than the thirtieth day after its timely answer. Defendant filed its answer in state court on October 20, 2023, over four months before it filed its initial, defective motion on March 15, 2024.  The inquiry before the court is, therefore, whether Chapter 542A applied to Plaintiff's state court petition or was only implicated in its first amended complaint filed on February 14, 2024.

After review of the record and applicable law, the undersigned finds that Plaintiff's original state court petition fell under Chapter 542A of the Texas Insurance Code.  Plaintiff's state court petition had three causes of action: (1) fraud, (2) negligent procurement, and (3) breach of contract. (Doc. #4 at 5.)  Chapter 542A explicitly covers any breach of contract, negligence, and fraud claims against an insurer.  TEX. INS. CODE § 542A.002(a); *see Waco Hippodrome Inc. v. Cent. Mut. Ins. Co.*, No. 6:22-CV-349, 2022 WL 17668128, at *3 (W.D. Tex. Dec. 14, 2022) (noting that Chapter 542A "generally applies to any claim against an insurer, including those for breach of contract, fraud, breach of a common law duty, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act").  The petition likewise puts Defendant on notice that Plaintiff requested "[r]ecovery of reasonable and necessary attorney fees."  (Doc. #4 at 6.)  Defendant answered the petition on October 20, 2023, meaning a motion to strike attorney's fees requests would be due no later than November 19, 2023.  The undersigned, therefore, finds the instant motion to be untimely.

**IV.    Conclusion**

The undersigned finds that Plaintiff did not provide Defendant with sufficient pre-suit notice of Chapter 542A claims.  Plaintiff's state court petition, however, asserted Chapter 542A

claims and a request for attorney's fees.  Defendant answered that petition on October 20, 2023, but failed to raise the issue of insufficient notice until March of 2024.  The relief sought is, therefore, untimely.

## V.    Recommendation

Defendant's Correct Motion to Strike Plaintiff's Claim for Attorney Fees (doc. #22) should be **DENIED**.

## VI.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Without leave of court, **objections are limited to eight (8) pages**.  E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 6th day of May, 2024.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE