IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH OF SOUR LAKE, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. 1:23-CV-391-MJT |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § § § | |
| *Defendant.* | § § | |

**MEMORANDUM ORDER OVERRULING
DEFENDANT'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 37]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred to Magistrate Judge Christine L. Stetson for consideration Defendant's Corrected Motion to Strike Plaintiff's Claim for Attorney Fees [Dkts. 22, 26].

On May 6, 2024, Judge Stetson entered a Report and Recommendation with the following conclusions and recommendations: (1) Plaintiff's state court petition asserted Chapter 542A claims and a request for attorney's fees, (2) Plaintiff did not provide Defendant with sufficient pre-suit notice of Chapter 542A claims, (3) Defendant, however, failed to timely raise its objection to Plaintiff's request for attorney's fees, and, therefore, (4) the instant motion should be denied [Dkt. 37]. On May 16, 2024, Defendant filed timely objections [Dkt. 40], and Plaintiff filed a timely response [Dkt. 40].

### I. Plaintiffs' Objections to the Report and Recommendation are Overruled

#### A. Legal Standard

A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

#### B. Discussion

To bring claims under Chapter 542A of the Texas Insurance Code and request attorney's fees, a plaintiff must provide the insurer with notice of its claims, no later than the sixty-first day before the date the plaintiff files an action that falls under Chapter 542A. TEX. INS. CODE §542A.003; *see generally Brohlin v. Meridian Sec. Ins. Co.*, No. 2:22-CV-158-Z-BR, 2023 WL 7311194, at *2 (N.D. Tex. Nov. 6, 2023). If a plaintiff fails to provide sufficient notice, a defendant may file a pleading no later than the thirtieth day after the date it filed an original answer asking the court to deny the plaintiff's request for attorney's fees. §542A.003(b). If the defendant's pleading is timely, the court must strike a request for attorney's fees "incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007; *see, e.g., Henry v. Nationwide Prop.*, No. CV H-23-2488, 2023 WL 6049519, at *3 (S.D. Tex. Sept. 15, 2023).

Defendant contends Judge Stetson erred in finding that Plaintiff's state court petition invoked claims under Chapter 542A. [Dkt. 40 at 5]. Defendant argues that the state court petition was not an "action on a claim" as required under Chapter 542A but rather an action about Plaintiff's allegation that Defendant "wrongfully or erroneously modified Plaintiff's coverage." [*Id.*]. According to Defendant, Chapter 542A only became relevant when Plaintiff's first amended complaint [Dkt. 17] was filed and specifically evoked claims under the Texas Insurance Code. If that were true, the motion to strike would be timely.

As Chapter 542A is a matter of state law, the Court would defer to Texas courts in interpreting key phrases in the statute. Defendant, however, cites no caselaw interpreting the definition of "an action on a claim" under Chapter 542A.[1] Instead, Defendant goes through the definition of "claim," and then argues that Plaintiff's state court petition was about the "absence of coverage" rather than a dispute about a claim. [Dkt. 40 at 5-6]. The Court, therefore, must look to the "plain language" of the phrase "an action on a claim." *See generally*, *Lewis v. Safeco Ins. Co. of Indiana*, No. 4:21-CV-00149-P, 2021 WL 1250324, at *4 (N.D. Tex. Apr. 5, 2021) (interpreting another phrase in Chapter 542A based on unambiguous language).

After review of Plaintiff's state court petition and relevant facts, the Court finds that Judge Stetson did not err in determining Chapter 542A applied to the petition. Defendant argues "Plaintiff did not allege in its state-court petition that Defendant wrongfully denied its claim under a policy providing coverage for [the property at issue]" [Dkt. 40 at 6]. The Court respectfully

---

[1] Defendant argues that Judge Stetson's quote from *Waco Hippodrome Inc.* that Chapter 542A covers "any breach of contract, negligence, and fraud claims against an insurer" is incomplete. [Dkt. 40 at 3 n.1]. The Court notes that Judge Stetson did not include the preceding phrase "[w]here Chapter 542A of the Texas Insurance Code is applicable." Defendant, however, fails to note that the preceding sentence explains that "Chapter 542A of the Texas Insurance Code *generally applies* to actions regarding first-party insurance claims arising from alleged damage to covered property caused by 'forces of nature.'" *Waco Hippodrome Inc. v. Cent. Mut. Ins. Co.*, No. 6:22-CV-349, 2022 WL 17668128, at *8-9 (W.D. Tex. Dec. 14, 2022) (emphasis added). The paragraph, taken as a whole, appears to actually bolster Judge Stetson's finding that Chapter 542A covers this instant dispute which arose from an insurance claim denial over damage from a freeze event.

disagrees. Plaintiff's state court petition alleges it submitted "a timely claim under [its policy with Defendant]" and "received a denial of covered losses dated January 13, 2023" [Dkt. 4 at 2]. The petition goes onto to outline Defendant's various alleged wrong doings, before ultimately setting forth claims for fraud, negligent procurement, and breach of contract [*Id.* at 5]. Notably, Plaintiff alleges that "Defendant breached the express *written* and oral *contract* with Plaintiff." [*Id.*] (emphasis added). This case is undoubtedly *an action* predicated *on* the denial of *a claim* where the insured seeks as a remedy what it was theoretically owed under an insurance policy. Defendant cites no caselaw to the contrary.

The Court finds that Plaintiff's state law petition was "an action on a claim" for the purposes of Chapter 542A. Defendant's objections are, therefore, overruled.

## II.   Conclusion and Order

The Court has conducted a *de novo* review of Defendant's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Defendant's objections [Dkt. 40] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 37] is ADOPTED. Defendant's Corrected Motion to Strike Plaintiff's Claim for Attorney Fees [Dkt. 22] is, hereby, DENIED.

IT IS SO ORDERED.

**SIGNED this 28th day of May, 2024.**

*[signature]*

Michael J. Truncale
United States District Judge